IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | | |
|---|---|---|
| JEFFERY J. LOUT, | ) | CV 09-10-BLG-RFC-CSO |
| | ) | |
| Petitioner, ) | | |
| | ) | |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| STATE OF MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

On February 3, 2009, Petitioner Jeffrey J. Lout submitted a document titled

"Notice of Appeal and Writ of Supervisory Control for Withdrawal of Guilty Plea

from State District Court" and other documents.  Lout also submitted a motion to

proceed in forma pauperis. Lacking other alternatives, the Clerk of Court filed the

documents as a petition for writ of habeas corpus under 28 U.S.C. § 2254.  Lout is

a state prisoner proceeding pro se.

As Lout has previously been advised, there is no federal writ of supervisory

control.  *See Order of Dismissal at 1, Lout v. State of Montana, Cause No. CV 08-*

108-M-DWM (D. Mont. filed Aug. 1, 2008).        Additionally, "federal district

courts have 'no authority to review the final determinations of a state court in

judicial proceedings.'" Gruntz v. County of Los Angeles (In re Gruntz), 202 F.3d

1074, 1078 (9th Cir. 2000) (en banc) (quoting Worldwide Church of God v.

McNair, 805 F.2d 888, 890 (9th Cir.1986)).  Although habeas actions are an

exception to this rule, this Court would not have jurisdiction to hear Lout's

requests, even if his documents could properly be construed as a petition for writ

of habeas corpus.  He has already filed a petition for writ of habeas corpus in this

Court and it was denied for lack of merit.  *See Lout v. State of Montana, Cause*

*No. CV 05-67-M-DWM-LBE (D. Mont. judgment filed Aug. 4, 2006).*  Both this

Court and the Ninth Circuit Court of Appeals denied his request for a certificate of

appealability.  *See Order at 3-5, Lout, No. CV 05-67-M; Order at 1, Lout v.*

*Montana, No. 06-35843 (9th Cir. June 1, 2007).*  Consequently, Lout may proceed

only under the provisions of 28 U.S.C. § 2244(b).  He has not obtained leave to

file a second petition.  This Court lacks jurisdiction.  See Burton v. Stewart, 549

U.S. 147, 149 (2007) (per curiam).  Therefore, there is no need to recharacterize

the filing as a habeas petition.

        The motion to proceed in forma pauperis should be denied because Lout

cannot proceed with this action in this Court.  Because there is no procedural basis

for the action, any appeal from this disposition would not be taken in good faith.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Lout's Petition (doc. 1) should be DISMISSED WITH PREJUDICE.

2. Lout's motion to proceed in forma pauperis (doc. 2) should be DENIED.

3. The Clerk of Court should be directed to enter a judgment of dismissal.

4. The District Court should CERTIFY, pursuant to Fed. R. App. P. 24(a)(4)(B), that any appeal from its disposition would not be taken in good faith.


## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 3

<u>Lout must immediately notify the Court of any change in his mailing address</u> while this action remains pending.  Failure to do so may result in dismissal of the action without notice to him.

DATED this 9th day of February, 2009.


/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge